**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MATEO PASCUAL-FRANCISCO, also known as Mateo Hernandez-Gomez, also known as Mateo Hernandez-Martinez,<br><br>                                  Petitioner,<br><br>v.<br><br>WARDEN OTAY MESA DETENTION FACILITY, et al.,<br><br>                                  Respondents. | Case No.: 3:26-cv-00213-RBM-VET<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**[Doc. 1]** |

Pending before the Court are Petitioner Mateo Pascual-Francisco's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241. (Doc. 1.) Petitioner claims he is being detained in violation of his statutory and regulatory rights and the Fifth Amendment's Due Process Clause. (*Id.* ¶¶ 54–61.) For the reasons set forth below, the Petition is **GRANTED**.

## I.      BACKGROUND

Petitioner, a citizen of Guatemala, entered the United States on or around July 1, 2006. (Doc. 4 at 2.) On September 5, 2008, Petitioner was arrested for driving under the influence "for which he was sentenced to probation and seven days confinement." (Doc. 4 at 1; Doc. 1 ¶ 17;.) He was transferred to Immigration and Customs Enforcement's

1

("ICE") custody pursuant to an immigration detainer on September 11, 2008. (Doc. 4 at 1.) "Petitioner admitted to removability and was granted a voluntary removal to Mexico that same day." (*Id*.) "On May 11, 2011, Petitioner was the passenger of a vehicle that was stopped by local law enforcement officials." (*Id*.) Petitioner admitted he was in the United States unlawfully and was granted a voluntary return to Mexico that same day. (*Id*.) "On November 16, 2011, Petitioner was taken into ICE custody and ordered removed under expedited removal proceedings." (*Id*.) He was subsequently removed on November 19, 2011. (*Id*.) "He last reentered the United States without inspection (after a previous removal) on or about December 15, 2011." (Doc. 1 ¶ 13.)

On July 7, 2016, Petitioner was arrested for driving under the influence and causing injury. (*Id*.; Doc. 1 ¶ 17.) He was taken into ICE custody on July 20, 2016. (Doc. 4 at 2–3) While in ICE custody, Petitioner admitted to having unlawfully entered the United States on December 15, 2011. (*Id.* at 3.) ICE reinstated Petitioner's prior removal order that same day. (*Id..*) Consequently, Petitioner was ordered removed as a noncitizen "who has been ordered removed and who enters or attempts to reenter the United States without being admitted or paroled." (*Id*.) Petitioner was provided with a reasonable fear interview and an asylum officer made a positive reasonable fear finding. (*Id*.) "Petitioner was then placed in withholding only proceedings." (*Id*.) On May 12, 2017, an immigration judge ("IJ") granted Petitioner withholding of removal to Guatemala. (*Id*.; Doc. 1 ¶ 18.) Petitioner was released from custody pursuant to an Order of Supervision on May 24, 2017. (Doc. 4 at 3.)

"On December 12, 2025, Petitioner was re-detained by ICE." (*Id..*) "On that date, Petitioner was provided a notice of revocation of release and an informal interview." (*Id*.; *see* Doc. 4-2 at 13–16.) Prior to his re-detention, Petitioner "appeared at all of his ICE check-ins." (Doc. 1 ¶ 36.)

Petitioner filed the instant Petition on January 14, 2026. (Doc. 1.) Pursuant to this Court's Order (*see* Doc. 2), Respondents filed the Response on January 23, 2026. (Doc. 4.) On January 28, 2026, Petitioner filed a Reply. (Doc. 5.)

## II.    **LEGAL STANDARD**

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *Id*. § 2241(c)(3).

## III.    **DISCUSSION**

Petitioner argues that his continued detention and anticipated removal to a third-country violate the Fifth Amendment's Due Process Clause. (Doc. 1 ¶¶ 39–50, 54–61.) Respondents argue that: (1) ICE "may remove Petitioner to a third country that will accept Petitioner's removal" because removal to other countries is "impracticable, inadvisable, or impossible"; (2) "it would be premature to conclude that there is no significant likelihood of removal in the reasonably foreseeable future"; and (3) "Petitioner's concern that he will not receive adequate notice and an opportunity to be heard prior to his third country removal is not borne out by the evidence in this case." (Doc. 4 at 5–6.)

The Court has consistently rejected the same arguments in response to habeas petitions filed by similarly situated petitioners. For example, in *Azzo v. Noem*, the Court held that Respondents: (1) failed to satisfy their burden under *Zadvydas*; and (2) must provide Petitioner with adequate notice and an opportunity to be heard before removing him to a third country. Case No.: 3:25-cv-03122-RBM-BJW, 2025 WL 3535208, at *2 (S.D. Cal. Dec. 10, 2025). As to the *Zadvydas* claim, the Court found the petitioner adequately demonstrated there was "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future" because ICE had been unable to deport him or "even identify a third country to deport him to." *Id*. at *3 (citation

3

omitted). The respondents also failed to sufficiently rebut the petitioner's showing under *Zadvydas* because they had "not even identified a third country to which they plan to remove [the petitioner], much less submitted a travel document or provided an estimate for how long it would take this unidentified third country to respond." *Id*. at *4. The Court also rejected the respondents' argument concerning third country removal "[b]ecause [the respondents]actively [sought] to remove [the petitioner] to a third country." *Id*. at *6.

Like in *Azzo*, Petitioner's current detention is no longer presumptively reasonable because he was detained for over ten months between July 20, 2016 and May 24, 2017. (*See* Doc. 4 at 2–3 (citing Doc. 4-1, Declaration of Denise E. Barroga ["Barroga Decl."] ¶¶ 10, 14).) Petitioner has also met his initial burden under *Zadvyvas* to show good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. Specifically, Petitioner has established that he was granted withholding of removal to Guatemala and that Respondents have not identified a country that will accept Petitioner for removal since his release nearly 9 years ago. (Doc. 1 ¶ 45; *see* Doc. 5 at 6, 9.) To rebut this showing, Respondents, as in *Azzo*, claim "ICE has worked expeditiously to effectuate his resettlement in a third country." (Doc. 4 at 5.)

The Court therefore adopts its reasoning in *Azzo* and applies it here. For those same reasons, Petitioner's continued detention is no longer reasonable or authorized by statute and is therefore unlawful. Because Respondents have yet to identify a possible third country for Petitioner's removal and "'offered little more than generalizations regarding the likelihood that removal will occur,' . . . the Court finds that they have not met their burden to 'respond with evidence sufficient to rebut' Petitioner's showing." *Azzo*, 2025 WL 3535208, at *4 (quoting *Kamyab v. Bondi*, Case No. C25-389RSL, 2025 WL 2917522, at *4 (W.D. Wash. Oct. 14, 2025)); *see also Ndandu v. Noem*, No. 3:25-CV-02939-RBM-MSB, 2026 WL 25848, at *6 (S.D. Cal. Jan. 5, 2026) (finding ICE's "good faith" efforts to secure a travel document, without more, do not render detention reasonable).

Additionally, because Respondents actively seek to remove Petitioner to a third country (*see* Barrios Decl. ¶¶ 16–18), the Court finds Respondents' argument concerning

3:26-cv-00213-RBM-VET

Petitioner's third-country removal claim unavailing. The Court also adopts its reasoning in *Azzo* concerning the third country removal claim and reaches the same conclusion: Petitioner must be provided adequate notice and an opportunity to be heard before being removed to a third country. *See Azzo*, 2025 WL 3535208, at *7–8 (adopting reasoning and conclusion in *Esmail v. Noem*, Case No. 2:25-cv-08325-WLH-RAO, 2025 WL 3030589, at *6–7 (C.D. Cal. Sept. 26, 2025)); *see also G.A.A. v. Chestnut*, Case No. 1:25-cv-01102-EPG-HC, 2025 WL 3251316, at *7 (E.D. Cal. Nov. 21, 2025) ("Despite [respondents'] assurances," there is still "a sufficiently imminent risk that Petitioner will be subjected to improper process in relation to any third country removal").

## IV.    CONCLUSION

Based on the foregoing reasons, the Petition (Doc. 1) is **GRANTED**. Accordingly:

1. Respondents are **ORDERED** to immediately release Petitioner from custody, subject to his preexisting Order of Supervision.

2. Respondents and their officers, agents, employees, attorneys, and persons acting on their behalf or in concert with them are **PROHIBITED** from removing Petitioner to a third country without notice and a meaningful opportunity to be heard, following the process laid out *in D.V.D. v. United States Dep't of Homeland Sec.*, Civil Action No. 25-10676-BEM, 2025 WL 1453640 (D. Mass. May 21, 2025).[1]

**IT IS SO ORDERED.**

DATE: February 17, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

---

[1] This relief has been granted in similar matters. See *Louangmilith v. Noem*, — F. Supp. 3d —, 2025 WL 2881578, at *4 (S.D. Cal. Oct. 9, 2025); *Kumar v. Wamsley*, CASE NO. C25-2055-KKE, 2025 WL 3204724, at *9 (W.D. Wash. Nov. 17, 2025).

3:26-cv-00213-RBM-VET